Filed 9/15/14  Darryl B. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DARRYL B., | F069592 |
| Petitioner, | (Super. Ct. No. 06CEJ300105-2) |
| v. | |
| THE SUPERIOR COURT OF FRESNO COUNTY, | **OPINION** |
| Respondent; | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES, | |
| Real Party in Interest. | |

## THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Mary Dolas, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)

Katherine Fogarty, for Petitioner.

No appearance for Respondent.

Daniel Cederborg, County Counsel, and Amy K. Cobb, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Kane, J. and Peña, J.

Darryl B. (father) seeks extraordinary writ review of the juvenile court's orders denying him reunification services under Welfare and Institutions Code section 361.2[1] and setting a section 366.26 hearing as to his four-year-old daughter, Jazmine. We grant the petition.

## PROCEDURAL AND FACTUAL SUMMARY

Father and Angelina (mother) are Jazmine's parents. Mother is schizophrenic and she and father engage in domestic violence and abuse alcohol and marijuana. Mother has a long association with child protective services dating back to 1996, involving multiple children.

The Fresno County Department of Social Services (department) first intervened on Jazmine's behalf in November 2010, after mother and father left then one-year-old Jazmine unattended, got drunk and broke a window. The department returned Jazmine to their custody after they agreed to participate in community-based services.

In December 2011, the juvenile court sustained a first amended dependency petition alleging mother and father physically and verbally abused each other in Jazmine's presence, placing her at a substantial risk of suffering serious physical or emotional harm. The juvenile court removed Jazmine from father's custody and ordered reunification services for him. The juvenile court allowed Jazmine to stay in mother's custody with family maintenance services. In January 2012, father was arrested on federal weapons charges. In October 2012, the juvenile court granted mother sole legal and physical custody of Jazmine and terminated its dependency jurisdiction.

These dependency proceedings were initiated in February 2014, after law enforcement arrested mother for being under the influence of crystal methamphetamine. At the time, father was incarcerated in Illinois State Prison.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

The department filed a dependency petition on Jazmine's behalf, asking the juvenile court to detain her from mother and exercise its dependency jurisdiction over her. The juvenile court detained Jazmine, adjudged her its dependent, and the department placed her in foster care.

In its report for the dispositional hearing, the department recommended the juvenile court deny both parents reunification services. Specifically, as to father, the department recommended the juvenile court deny him placement under section 361.2, subdivision (a) and reunification services under section 361.5, subdivision (b)(10).[2] Father's trial counsel filed a motion arguing subdivision (b)(10) did not apply to father's case because Jazmine was not a "sibling" as defined in the statute.

In June 2014, the juvenile court conducted a contested dispositional hearing. Father argued through counsel that he wanted to obtain custody of Jazmine upon his release and that he should receive reunification services.

The juvenile court denied mother reunification services on the grounds recommended by the department but found that section 361.5, subdivision (b)(10) did not apply to father. The court then set a section 366.26 hearing.

When father and mother's attorneys asked for clarification, the juvenile court explained that it was denying father both placement and reunification services under section 361.2. The court stated:

> "Well, he's … noncustodial and … I said that neither placement nor services be provided under [section] 361.2. What I said was inapplicable

---

[2]    Section 361.5, subdivision (b)(10) authorizes the juvenile court to deny a parent reunification services if it finds by clear and convincing evidence that "the court ordered termination of reunification services for any siblings or half siblings of the child because the parent … failed to reunify with the sibling or half sibling after the sibling or half sibling had been removed from that parent … pursuant to Section 361 and that parent … is the same parent … described in subdivision (a) and that, according to the findings of the court, this parent … has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling or half sibling of that child from that parent …." (§ 361.5, subd. (b)(10).)

3

was the analysis under section 361.5[, subdivision] (b)(10) in that they keep saying that he should be denied based on not reunifying with the sibling and factually that's incorrect. [¶] … [¶]

"I'm making a ruling in regards to [section] 361.2 that there's detriment to place and there's detriment to provide him any further services given the information that's provided."

This petition ensued.

## DISCUSSION

Father contends the juvenile court erred in denying him reunification services under section 361.2. We agree.

Section 361.2 protects the custody rights of a noncustodial parent when the juvenile court removes the child from the custodial parent in order to protect the child. In essence, it requires the juvenile court to place the child with the noncustodial parent unless doing so would be detrimental to the child. Specifically, section 361.2, subdivision (a) states:

"When a court orders removal of a child pursuant to Section 361, the court shall first determine whether there is a parent of the child, with whom the child was not residing at the time that the events or conditions arose that brought the child within the provisions of Section 300, who desires to assume custody of the child. If that parent requests custody, the court shall place the child with the parent unless it finds that placement with that parent would be detrimental to the safety, protection, or physical or emotional well-being of the child."

If the juvenile court determines it would be detrimental to place the child with the noncustodial parent, the juvenile court must order reunification services unless one of the statutory exceptions in section 361.5, subdivision (b) applies. The exceptions apply to custodial *and* noncustodial parents. (*In re Adrianna P.* (2008) 166 Cal.App.4th 44, 59.)

Thus, section 361.2 addresses placement of a child with a noncustodial parent. Section 361.5, subdivision (b) authorizes the denial of reunification services to a custodial or noncustodial parent if one of the exceptions applies.

4

In this case, after determining that subdivision (b)(10) of section 361.5 did not apply to father, the juvenile court found it would be detrimental to Jazmine to provide father reunification services and erroneously believed section 361.2 authorized it to deny him services. Since the juvenile court lacked a statutory basis for denying father reunification services, it also lacked authority to set a section 366.26 hearing.

Real party in interest concedes error and requests that we direct the juvenile court to conduct a new dispositional hearing.

## DISPOSITION

Let an extraordinary writ issue directing respondent court to vacate its orders issued on June 11, 2014, denying father reunification services pursuant to Welfare and Institutions Code section 361.2, and setting a Welfare and Institutions Code section 366.26 hearing. Respondent court is further directed to conduct a new dispositional hearing, and after taking into consideration any new evidence or change in circumstances, make any appropriate orders. This opinion is final forthwith as to this court.